## BRUCE ELLIOTT V. STATE

No. 27,421. March 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 13, 1955

*Chas. H. Dean,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for selling whiskey in a dry area; the punishment, a fine of $350.

Dunlap, an inspector for the Texas Liquor Control Board to whom it was alleged appellant sold the whiskey, and Dibrell, also an inspector for the Texas Liquor Control Board, and Mrs. John Cantrell went to the home of appellant to buy some whiskey.

Dunlap testified that appellant sold him a four-fifth quart bottle of whiskey, for which he paid her $9. Dibrell corroborated that testimony.

As shown by the affirmative answer given by Mrs. Cantrell, testifying as a witness for the appellant, to a question asked her on direct examination, she accompanied the inspectors to appellant's home, and falsely introduced one of them as her brother-in-law, "to try to get some whiskey off of Bruce Elliott" because she had been told that if she did so "they would dismiss the case" against her husband. The witness further testified that when she asked appellant for the whiskey appellant handed her a bottle of whiskey, as a loan upon the witness's promise to later replace it, and that there was no sale made by appellant to the inspector, the bottle of whiskey which the inspector claimed to have purchased from appellant being, in fact, a loan to her (the witness).

The defensive theory thus presented was pertinently submitted by the trial court in his charge and was rejected by the jury.

Appellant did not testify.

To offset Mrs. Cantrell's testimony as to her purpose in accompanying the inspectors to appellant's home, the state, in rebuttal, proved by the sheriff of the county that she made the trip because she was "mad at Tom and Bruce" and wanted to do "anything to help catch them."

To this testimony the appellant reserved several bills of exception claiming that the state was thereby attempting, by hearsay, to impeach the witness by immaterial testimony.

The testimony objected to was a direct contradiction of the testimony of the witness as to why she was present upon the occasion alleged. We are unable to agree with the appellant that the testimony was subject to the objection urged.

In the course of the questions as to the matter just discussed, the sheriff was asked:

"Were any arrangements made with her at that time for her going and helping the officers catch these bootleggers?"

Appellant's objection to the reference in the question that she was a bootlegger was promptly sustained, and the jury instructed not to consider it for any purpose. She insists that prejudicial error is, nevertheless, reflected.

Of course, state's counsel should not have made the reference but we are unable to agree that the trial court's prompt withdrawal thereof was insufficient to relieve the matter of reversible error.

We conclude that reversible error is not reflected by the record.

· The judgment is affirmed.